United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-50219
c/w No. 03-50220
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL JIMENEZ,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. SA-02-CR-326-ALL
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Miguel Jimenez appeals his convictions and sentences for conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, conspiracy to launder the proceeds of the drug conspiracy, and using or carrying a firearm during and in relation to a drug trafficking crime. He argues that the evidence was insufficient to support his conviction under 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 924(c)(1) and that the district court erred in sentencing him to ten years' imprisonment pursuant to 18 U.S.C. § 924(c)(1)(A)(iii).

The evidence adduced at trial established that Jimenez's role within the drug conspiracy was to protect the organization's marijuana and drug proceeds. Additionally, Jimenez would make marijuana deliveries and pick up money from customers at the direction of Guillermo Recio. In order to fulfill his role, Jimenez carried firearms, including a 9mm handgun. At the time of his arrest, Jimenez had the 9mm handgun with him and was present in a house where a large quantity of marijuana was found. The jury could reasonably have inferred that Jimenez was present in the house to protect marijuana on behalf of the Recio organization. Therefore, the jury could reasonably have found that Jimenez used or carried a firearm during and in relation to a drug trafficking crime. See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998); United States v. Laury, 49 F.3d 145, 151 (5th Cir. 1995).

The trial testimony also established that Jimenez discharged the 9mm firearm on two occasions. Jimenez fired the weapon into the air in the parking lot of a strip club in Memphis, Tennessee. He also fired the weapon during the course of an attempted contract killing in San Antonio. Therefore, the district court did not err in applying 18 U.S.C. § 924(c)(1)(A)(iii).

AFFIRMED.